Maldonado & Cruz, PLLC.
By Angel Cruz, Esq., (AC0790)
Attorneys at Law
181 East 161 Street- Lobby Suite
Bronx, New York 10451
acruzesq@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

WALTER VIZCAINO-ZHUNIO, CRISTIAN
VIZCAINO-ZHUNIO, CARLOS BRITO-TORRES,
DANIEL G. CASERES and MIKAIL YAMUNAQUE
on behalf of themselves and others
similarly situated

                                                   Plaintiffs,

      -against-

CANOPY CONSTRUCTION COMPANY INC.;
CR SYSTEMS INC., and MICHAEL K. MEYER

                                                  Defendants.
-------------------------------------------------------X

Hon.
Case Number 19-CV

COMPLAINT
Jury Trial Demanded

      Plaintiffs, WALTER VIZCAINO-ZHUNIO, CRISTIAN VIZCAINO-ZHUNIO, CARLOS BRITO-TORRES, DANIEL G. CASERES and MIKAIL NOBLECILLA ("Plaintiffs" hereinafter), on behalf of themselves and other similarly suited employees, by and through their undersigned attorneys, Maldonado and Cruz, PLLC., file this Complaint against Defendants, CANOPY CONSTRUCTION COMPANY INC.; CR SYSTEMS INC., and MICHAEL K. MEYER (collectively, "Defendants") and states as follows:

## INTRODUCTION

      1.    Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they are entitled to

1

recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages; (3) compensatory and punitive damages for retaliation; (4) prejudgment and post-judgment interest, (5) attorneys' fees and costs; and (6) Plaintiffs also allege violations under New York's Wage Theft Prevention Act ("WTPA"), and that they be permitted to recoup from the Defendants: (A) compensatory damages; (B) punitive damages; and (C) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (3) liquidated damages equal to double damages of the sum of their unpaid overtime; (4) compensatory and punitive damages for retaliation; (5) $2,500.00 for each failure to provide pay stubs in compliance with state law (6) pre and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are all residents of Westchester County, New York.

6. Defendant, CANOPY CONSTRUCTION COMPANY INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 505 North State Road, Briarcliff Manor, New York 10510.

7. Defendant, CR SYSTEMS INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 505 North State Road, Briarcliff Manor, New York 10510

8. Upon information and belief, Defendant, MICHAEL K. MEYER is the owner, officer, director and/or managing agent in the day-day operations of CANOPY CONSTRUCTION COMPANY INC. and CR SYSTEMS INC., and has acted intentionally and maliciously.

9. The Defendants are an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and regulations promulgated thereunder, and are jointly and severally liable with CANOPY CONSTRUCTION COMPANY INC. and CR SYSTEMS INC.

10. Plaintiffs were employed by Defendants in Westchester County, New York, and transported to upstate New York, New Jersey, Massachusetts, Pennsylvania and Connecticut at various construction jobs sites to perform work for the Defendants throughout the states, commencing at various times with each individual Plaintiff herein indicated below.

## STATEMENT OF FACTS

11. Specifically, Plaintiff. WALTER VIZCAINO-ZHUNIO, commenced work with Defendants on or about September 2014 to February 2019

12. CRISTIAN VIZCAINO-ZHUNIO, commenced work with Defendants on or about October 2006 to October 2018

13. CARLOS BRITO-TORRES, commenced work with Defendants on or about October 2016 to March 2019.

14. DANIEL G. CASERES commenced work with defendants on or about August 1993 to February 2019.

15. MIKAIL YAMUNAQUE commenced work with defendants on or about July 2016 to February 2019

16. At all relevant times, CANOPY CONSTRUCTION COMPANY INC. and CR SYSTEMS INC. were, and each continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, the work performed by the Plaintiffs were directly essential to the business operated by MICHAEL K. MEYER and CANOPY CONSTRUCTION COMPANY INC. and CR SYSTEMS INC.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

19. At all relevant times, Defendants knowingly and willfully

failed to pay Plaintiffs lawfully earned "spread of hours" premium in contravention of the New York Labor Law.

20. Plaintiffs worked for the Defendants until they were terminated for complaining about the failure to properly pay over time wages.

21. During Plaintiffs' employment by Defendants, they worked an average of over sixty (60) hours per week and 6 days a week and at times seven (7) days a week, and their work shift consisted of twelve (12) or more hours a day.

22. On those occasions where the job required "overnight" stays to complete the jobs, Defendants' practice was to pay a hotel and meal stipend, but would not pay overtime or Sundays.

23. Under Defendants' scheme, Plaintiffs were not paid overtime wages. Defendants practice was to pay Plaintiffs a flat rate for fifty-five (55) hours, then only after the flat rate pay, Defendants' would pay over-time wages. Work performed above forty (40) hours per week was not paid at time and one half the statutory minimum rate of pay as required by state and federal law.

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime wage or the New York State overtime wage to the Plaintiffs, and all other similarly situated employees.

25. Defendants knowingly and willfully operated their business

with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (at time and one-half), or the New York State overtime rate (at time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting Federal and New York State Department of Labor Regulations.

26. Defendants knowingly and willfully operated their business with a sheme of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

27. At all relevant times, upon information and belief, and during the course of Plaintiff' employment, the Defendants failed to maintain accurate and sufficient time records and failed to issue pay stubs in compliance with New York State Law, and in that Defendants failed to provide: notice to the employees of their wage rates; itemized deductions; itemized allowances and credits; accurate hours worked; and that the records Defendants do in fact possess were constructed after the fact.  Wage theft occurs when an employer does not pay all the wages to which an employee is entitled. Some common forms of wage theft are unpaid overtime, denial of meal or rest breaks, making illegal deductions from paychecks, misclassification of employees as independent contractors or as exempt from overtime, and simply not paying the full wages due.

28. Defendant, MICHAEL K. MEYER, is the individuals who, upon information and belief, own the stock of CANOPY CONSTRUCTION COMPANY

INC. and CR SYSTEMS INC. and managed and made all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM
### Count I
### Violation of the Fair Labor Standards Act

29. Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "28" of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA. 29 U.S.C §§206(a) and 207(a).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of five hundred thousand ($500,000.00) dollars.

33. Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

34. At all relevant times, Defendants had a policy and practice

of refusing to pay the statutory overtime wages to Plaintiffs for hours worked.

35. Defendants failed to pay Plaintiffs overtime wages in the lawful amount for hours worked.

36. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

37. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

38. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidence by their failure to compensate Plaintiffs at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week. Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiffs.

39. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other

conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 211 (c) and 215(a).

40. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41. Defendants failed to properly disclose or apprise Plaintiffs of their rights under FLSA.

42. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to FLSA.

43. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable in overtime compensation, an equal amount as liquidated damages, and prejudgment interest therein.

44. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE NEW YORK STATE LABOR LAW

45. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through 44 of this Complaint as if fully set forth herein.

46. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

47. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs' overtime wages in the lawful amount for hours worked.

48. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs' overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked twelve (12) or more hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2,4.

50. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) et al. and § 198. Plaintiffs also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
## RETALIATION UNDER FAIR LABOR STANDARDS ACT

51. Plaintiffs re-allege and re-aver each and every allegation

and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. Defendants retaliated against Plaintiffs due to Plaintiffs seeking their unpaid wages under FLSA. As a result, Defendants' actions constitute retaliatory actions that would have a chilling effect on the assertion by employees of their federal rights under the FLSA.

53. Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

54. Due to Defendants' retaliation under the FLSA, Plaintiffs are entitled to recover from Defendants compensatory damages and punitive damages for Defendants' reckless and willful disregard for Plaintiffs rights. Further, Plaintiffs are entitled to attorneys' fees costs, interest, and such further relief as the Court deems appropriate.

## COUNT IV
## RETALIATION UNDER NEW YORK LABOR LAW

55. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56. Defendants retaliated against Plaintiffs due to their seeking unpaid wages under the New York Labor Law. As a result, Defendants' actions constitute retaliatory actions that would have chilling effect on the assertion by employees of their federal rights under the New York Labor Law.

57. Due to Defendants' retaliation under the New York Labor Law, Plaintiffs are entitled to recover from Defendants compensatory damages and punitive damages for Defendants' reckless and willful disregard for Plaintiffs' rights. Further, Plaintiffs are entitled to attorneys' fees, costs, interest, and such further relief as the Court deems appropriate.

## COUNT V
## VIOLATION OF NEW YORK' WAGE THEFT PREVENTION ACT

58. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. The New York Wage Theft Prevention Act (the "WTPA") took effect on April 9, 2011. The law, amended Articles 6, 7, and 19 of the Labor Law, most notably: (1) increased by fourfold the amount of liquidated damages an employee can recover in an action for unpaid wages, (2) amplifying employers' notice and wage statement requirements, and (3) expanded both the substantive protections and the remedies available to employees under the anti-retaliation provisions of the Labor Law.

60. Wage theft occurs when an employer does not pay all the wages to which an employee is entitled. Some common forms of wage theft are unpaid overtime, denial of meal or rest breaks, making illegal deductions from paychecks, misclassification of employees as independent contractors or as exempt from overtime, and simply not paying the full wages due

61. The Defendants failed to maintain accurate records and failed to issue pay stubs to all Plaintiffs' in compliance with New York State Wage Theft Prevention Act.

62. in violation of New York Labor Law Section 195(1), the Defendants failed to provide notice to the Plaintiffs of their individual wage rates annually, and obtain acknowledgement from each, about their rate of pay, both in English and the Plaintiffs primary language; failed to provide the official name of the employer and any other names used for business (DBA); address and phone number of the Defendants' main office or principal location; itemized deductions; itemized allowances and credits, accurate hours worked, rates or rates of pay; Plaintiffs gross and net wages and that the records Defendants do in fact possess, were constructed after the fact.

63. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) et al. and § 198. Plaintiffs also seek liquidated double damages pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Law;

(b) An injunction against Defendants, and it's officers, agents, successors, employees, representatives and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

(c) An award of unpaid overtime wages due under the FLSA and FLSA and New York Labor Law;

(d) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the New York Labor Law;

(f) An award of compensatory and punitive damages associated with unlawful retaliatory acts of firing Plaintiffs;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i) An award of compensatory and punitive damages in connection with the Defendants' knowingly and willful termination of Plaintiffs.

(j) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: Bronx, New York
March 21, 2019

Respectfully submitted,

By: _____
Mr. Angel Cruz, Esq. (AC0790)
Maldonado & Cruz, PLLC.
Attorneys at Law
181 East 161 Street- Lobby Suite
Bronx, New York 10451
Telephone:(718) 828-6050
Facsimile: (917) 473-6542
acruzesq@gmail.com